IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR ROY MORRISON, 1492042,<br>        Petitioner, | )<br>)<br>) |
| v. | )   No. 3:13-CV-2602-M |
| | ) |
| WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>        Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I.    Nature of the Case**

Petitioner is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of the TDCJ-CID.

Petitioner challenges a 1994 theft conviction, cause number F-9358780-KL, Dallas County, Texas ("1994 conviction"). He has fully served this 1994 conviction. Petitioner is currently incarcerated for aggravated assault with a deadly weapon, cause number F-0755832-S, Dallas County, Texas ("2007 conviction"). He states the 1994 theft conviction was used to enhance his 2007 conviction.

Petitioner argues his 1994 theft conviction is unlawful because his counsel coerced him to plead guilty when he was incompetent, and the plea was void because the name and date on the offense were illegible.

**II.    Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court may *sua sponte* raise the jurisdictional issue at any time. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this case, Petitioner has fully served his sentence for the 1994 conviction. Having fully served his sentence, petitioner is no longer "in custody" such that he can challenge that conviction under 28 U.S.C. § 2254. Consequently, this Court lacks jurisdiction over the instant habeas petition.

In some cases, a court may construe a petitioner's challenge to an expired conviction as a challenge to the conviction for which he is still incarcerated. In *Maleng*, a petitioner purported to challenge an expired 1958 conviction that had been used to enhance his 1978 conviction. *See* 490 U.S. 488, 489-90 (1989). Despite the petitioner's express contention that he was challenging the 1958 conviction, the Supreme Court found the "in custody" requirement satisfied because it could reasonably construe the action as a challenge to the 1978 conviction as enhanced by the 1958 conviction. *See id.* at 493-94.

In this case, the Court cannot reasonably construe the instant action as a challenge to petitioner's current conviction because Petitioner has previously challenged his current

conviction. *See Morrison v. Stephens*, No. 3:12-CV-4916-N (N.D. Tex.). The Fifth Circuit has not granted Petitioner authorization to file a successive habeas petition. The Court thus declines to construe the instant action as a challenge to Petitioner's current conviction.

**RECOMMENDATION**

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that the Court DISMISS the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 for lack of subject matter jurisdiction.

SIGNED this 4th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).